UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:25-cv-583-FL

| | |
|---|---|
| ALISA CARR AND AVERY MARSHALL,  )<br>  )<br>**Plaintiffs,**  )<br>  )<br>v.  )<br>  )<br>DETECTIVE SERGEANT J. DYLAN  )<br>THOMAS, et al.,  )<br>  )<br>**Defendants.**  )<br>  ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY PENDER COUNTY, NAZARETH HANKINS, AND ALAN CUTLER |

**1.     INTRODUCTION**

This is an action under 42 U.S.C. § 1983 and Article 1, Section 19 of the North Carolina Constitution seeking monetary damages for the execution of a search warrant at Plaintiffs' residence in rural Pender County. Named as defendants are Lee and Pender counties, their respective Sheriffs, one deputy from each agency, and unnamed Does.

Pender County is entitled to dismissal because it is not answerable for the alleged liabilities of the Sheriff or his deputies. Captain Nazareth Hankins and Sheriff Alan Cutler are entitled to dismissal of Counts 2 and 3 of the Complaint because damage to private property caused by law enforcement's execution of a search warrant does not constitute a "taking" in the constitutional sense.

**2.     PENDER COUNTY DOES NOT OPERATE OR CONTROL THE OFFICE OF THE SHERIFF AND SHOULD NOT HAVE BEEN NAMED AS A DEFENDANT**

It is well-established in North Carolina that because deputy sheriffs are not county employees, but rather are employed directly by the Sheriff, a County neither controls nor is accountable for their conduct. *See Clark v. Burke County*, 117 N.C. App. 85, 89, 450 S.E.2d

747, 749 (1994) (since sheriff's personnel are employed by the sheriff, not the county, injuries resulting from their actions "cannot result in liability" for the county); *Kennedy v. Rowe*, 2023 WL 6612437 at *3 (E.D.N.C. 2023) ("Sheriffs are elected, and county governments do not supervise sheriffs or deputy sheriffs.").

Against that backdrop, it is clear that a county may not be sued for alleged constitutional violations committed by deputy sheriffs. *See, e.g., Little v. Smith*, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000) (county cannot be sued for deputies' alleged use of excessive force). As such, Pender County should not have been named as a defendant in this action, and it is entitled to dismissal as a matter of law.

**3.    THE ALLEGED DAMAGE TO PLAINTIFFS' RESIDENCE IS NOT COMPENSABLE AS A "TAKING"**

The gravamen of the Complaint is that Sheriff's deputies from two counties damaged Plaintiffs' residence in rural Pender County during the execution of a search warrant which, *inter alia*, authorized the apprehension of a wanted criminal suspect named Joseph Clark, Jr. According to Plaintiffs, they did not know Clark nor had he ever been to their home. (Complaint, ¶¶ 207-209). Plaintiffs allege that the deputies searching their home caused damage to the home itself and furniture, as more fully described at paragraph 301 and elsewhere.

The Complaint seeks compensation for that damage under both 42 U.S.C. § 1983 (Count 1) and the "takings" clauses of the United States (Count 2) and North Carolina (Count 3) Constitutions. This Motion to Dismiss targets only the two takings claims.

It is well understood that when government takes private property for public use, such as through eminent domain in order to build a highway, there is a taking of that property requiring just compensation. Here, Plaintiffs seek to elevate the damage to their home into a takings claim. That effort, however, runs smack into case law recognizing that where the government

damages private property during the exercise of its *police power*—as opposed to eminent domain—there may be an action for damages, but the plaintiff does not have a takings claim under the federal or state constitutions.

That distinction was well made by the Seventh Circuit in *Johnson v. Manitowoc County*, 635 F.3d 331, 336 (7th Cir. 2011), where the court held that the Fifth Amendment Takings Clause "does not apply when property is . . . damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain," such as during execution of a search warrant. *See also Slaybaugh v. Rutherford County, Tennessee*, 688 F.Supp.3d 692, 706 (M.D.Tenn. 2023) ("[T]he weight of authority indicates that claims based on damages caused by the exercise of police power in the course of enforcing criminal laws do not provide a basis for taking claims under the Fifth Amendment."). Not surprisingly, a purported takings claim arising out of a search warrant here in North Carolina has been similarly rejected. *See Cybernet, LLC v. David*, 2018 WL 5779511 at *16 (E.D.N.C. 2018) ("Thus, whereas here, the damage to Plaintiffs' property occurred during the execution of a search warrant for the damaged premises, the Takings Clause is not implicated and Plaintiffs' claims are more appropriately analyzed under the Fourth Amendment.").

North Carolina state law is in accord. The North Carolina Supreme Court has drawn the identical distinction appearing in the foregoing federal decisions, *i.e.*, that where the government damages private property through action in furtherance of its police power vs. the process of eminent domain, there is no takings claim under the North Carolina Constitution. *Kirby v. N.C. DOT*, 368 N.C. 847, 854, 786 S.E.2d 919, 924 (2016) ("Determining if governmental action constitutes a taking" for constitutional purposes 'depends upon whether a particular act is an exercise of the police power or of the power of eminent domain.'"). The Complaint's added

reference to N.C.G.S. § 40A-51 is to no avail, as it applies to *eminent domain* takings and lays out steps for an aggrieved landowner to follow when one of the listed "condemnors"—which law enforcement is not—has failed to file a "complaint containing a declaration of taking . . . ."

4. **CONCLUSION**

Defendant Pender County respectfully seeks an order dismissing it from this action in its entirety because it is not answerable for the alleged wrongdoing of Sheriff Cutler or his deputies. Additionally, Sheriff Cutler and Captain Hankins seek dismissal of Counts 2 and 3 because execution of the search warrant at Plaintiffs' residence did not implicate the takings clauses of the United States or North Carolina Constitutions.

| | |
|---|---|
| Dated: April 21, 2025 | /s/Scott D. MacLatchie<br>Scott D. MacLatchie<br>North Carolina Bar No. 22824<br>Hall Booth Smith, P.C.<br>11215 North Community House Road<br>Suite 750<br>Charlotte, North Carolina 28277<br>Telephone No. (980) 949-7820<br>smaclatchie@hallboothsmith.com<br>*Attorney for Defendants Pender County, Nazareth Hankins and Alan Cutler* |