IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CV-583-FL

| | |
|---|---|
| ALISA CARR and AVERY MITCHELL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DETECTIVE SERGEANT J. DYLAN ) <br> THOMAS in his individual and official ) <br> capacities, CAPTAIN NAZARETH ) <br> HANKINS in his individual and official ) <br> capacities, JOHN DOES in their individual ) <br> and official capacities, LEE COUNTY, ) <br> LEE COUNTY SHERIFF BRIAN ESTES ) <br> in his official capacity, PENDER ) <br> COUNTY, and PENDER COUNTY ) <br> SHERIFF ALAN CUTLER in his official ) <br> capacity, ) <br> ) <br> Defendants. ) | ORDER |

This matter is before the court upon plaintiffs' motion to compel early discovery before the convening of a conference under Federal Rule of Civil Procedure 26(f) (DE 32). For the following reasons, plaintiffs' motion is granted.

**BACKGROUND**

Plaintiffs began this suit under the Fourth and Fifth Amendments to the United States Constitution by complaint filed April 1, 2025. Broadly, plaintiffs seek monetary and declaratory relief stemming from an allegedly improper police raid on plaintiffs' home, which injured plaintiffs and damaged their property. The details of the incident generally are not relevant to the instant motion. However, plaintiffs could not identify all the officers who participated in the raid,

and so sued John Doe defendants. While Lee County has turned over the names of its personnel who participated, Pender County has not. (Pls' Br. (DE 33) 2). Plaintiffs therefore seek leave to propound a single interrogatory asking Pender County to identify all its personnel involved in the raid. (See generally id.). The instant motion follows extensive correspondence between the parties and efforts to identify participating Pender County personnel. (See id. at 2–6).

**COURT'S DISCUSSION**

It is well-established that a plaintiff may sue John or Jane Doe defendants who are real but unidentified. E.g., Schiff v. Kennedy, 691 F.2d 196, 197–98 (4th Cir. 1982). In turn, a plaintiff should exercise reasonable diligence to identify any Doe defendants. Cook v. Howard, 484 F. App'x 805, 817 (4th Cir. 2012). Finally, this court may order discovery before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).

Though the United States Court of Appeals for the Fourth Circuit has not established a controlling test, courts in this district generally evaluate requests for expedited discovery under a reasonableness and good cause standard. Fuller v. Dixon, No. 7:21-cv-40-D, 2021 WL 3909659, at *3 (E.D.N.C. Aug. 31, 2021) (noting lack of controlling standard and collecting cases).[1] Under this standard, courts in this district routinely permit early discovery into the identity of Doe defendants when, as here, the plaintiffs pursued such discovery diligently, and there would be no prejudice to any Doe defendant. See, e.g., Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005); Hay v. Greenwood, No. 5:23-ct-3326-D, 2025 WL 1448198, at *1 (E.D.N.C. May 2025); Gamble v. Onuoha, No. 5:23-ct-3059-FL, 2018 WL 1403610, at *2 (E.D.N.C. Mar. 20, 2018); Taylor v. John Does 1-10, No. 4:13-cv-218-F, 2014 WL 1870733, at

---

[1] Nor have the other federal courts of appeal pronounced precise standards. See, e.g., Freeman v. United States, 875 F.3d 623, 631–32 (Fed. Cir. 2017) (affirming refusal to permit early discovery but without pronouncing any standard).

2

*1 (E.D.N.C. May 8, 2014) (collecting cases). Many other district courts employ this same, general reasonableness standard. E.g., St. Louis Grp., Inc. v. Metals & Additives Corp., Inc., 275 F.R.D. 236, 240 (S.D. Tex. 2011); Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

Because plaintiffs merely seek basic information to identify the defendants in this action, the court concludes, in the exercise of its discretion, that good cause exists for the early discovery they request.

Defendants assert speculative fears that plaintiffs will use the information to name as a defendant anybody even tangentially connected to the police raid, even if plaintiffs lack any colorable claim against that person. (See Defs' Br. (DE 34) 1–2). But other mechanisms, such as counsel's ethical duty not to advance factually unsupportable claims, Federal Rule of Civil Procedure 11, and whatever possibly meritorious defenses defendants may make, obviate this concern. See D.C. R. Prof. Conduct 3.1; Ind. R. Prof. Conduct 3.1; Fed. R. Civ. P. 11(b)(3).

Defendants also argue that the information plaintiffs request would become discoverable in the ordinary course. While true, the United States Court of Appeals for the Fourth Circuit has affirmed the dismissal of Doe defendants for the plaintiff's failure to identify them in a reasonable span. See Attkisson v. Holder, 925 F.3d 606, 627–28 (4th Cir. 2019). This cuts in favor of plaintiffs' request.

Defendants further cite a single unpublished, out-of-circuit case for the proposition that when Rule 12 motions are pending, a court should not permit early discovery. But the court in that case denied early discovery for other reasons, namely that the plaintiff failed to even suggest that the Doe defendant was subject to the court's personal jurisdiction, and also failed to describe

3

Case 7:25-cv-00583-FL    Document 47    Filed 08/15/25    Page 3 of 4

the discovery sought.  See Microsoft Corp. v. Does 1-100, No. C17-1880, 2017 WL 6593706, at *3 (W.D. Wash. Dec. 25, 2017).  This reference, in the context presented, is unpersuasive.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to compel limited discovery (DE 32) is GRANTED.  Plaintiffs are GRANTED leave to propound the interrogatory provided in their proposed order and brief.  (See Proposed Order (DE 32-1) 2; Pls' Br. at 11).  Defendants are DIRECTED to respond to the interrogatory within 30 days of service.

SO ORDERED, this the 14th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge